THEODORE H. SILKMAN, Appellant, v. THE BOARD OF WATER COM-
MISSIONERS OF THE CITY OF YONKERS, Respondent.

*Water rents — not a tax.*

A water rent, established and collected by a board of water commissioners,
directed by the act under which it was incorporated, to establish a scale of
rents called water rents, payable in advance or upon a stated term of credit, and
authorized to cut off the supply of water if such rents are not paid, is not
a tax.        •

APPEAL by the plaintiff, Theodore H. Silkman, from a judgment
of the Supreme Court in favor of the defendant, adjudging the
plaintiff not entitled to the injunction issued in this action on Sep-
tember 27, 1890, entered in the office of the clerk of the county of
Westchester on the 8th day of May, 1893, upon a decision of the
court rendered at the Westchester County Special Term.

The board of water commissioners of the city of Yonkers fur-
nished water to Theodore H. Silkman and presented certain quar-
terly bills to him for the amount apportioned as a burden against
the premises owned by him.   With each bill presented to Silkman,
he received notice that if such bill was not paid within thirty days,
his supply of water would be cut off.   Prior to September, 1890, he
paid all the bills so presented to him, but under protest.

On September 1, 1890, a bill was presented by the board of
water commissioners to Silkman for four dollars and sixty cents
for water furnished to his premises, and payment thereof was
demanded, the board threatening that unless such bill was paid
before October 1, 1890, the water supply would be cut off from
plaintiff's house.

Thereupon plaintiff brought this action to recover the amounts
theretofore paid by him under protest to such board of water com-
misssioners, and to restrain such board from cutting off his supply
of water, and obtained a temporary injunction, restraining the board
from cutting off or interfering with Silkman's supply of water.
Upon the trial, judgment was rendered in favor of the defendant,
adjudging that the plaintiff was not entitled to the pending
injunction.

*William P. Fiero,* for the appellant.

*Joseph F. Daly,* for the respondent.

BARNARD, P. J.:

The water rates are not taxes. The act under which the defendant was incorporated, chapter 36, Laws of 1873, directs the commissioners to establish a scale of rents payable in advance or upon a stated term of credit to be called water rents. The board was authorized to cut off the supply of water if these rents were not paid. There is no basis for terming these water rents a tax. (*Provident Inst., etc.,* v. *The Mayor,* 113 U. S. 506; *Treadwell* v. *Van Schaick,* 30 Barb. 444.)

The commissioners did fix the rates, and it was supplied and paid for, but under a protest on account of his receiving no notice of the levying of a tax on the land. There is no lien on the land for water furnished and not paid for. There will be a tax on land for a deficiency to meet the purpose of the act, and when this tax is laid it will be upon notice.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.